The decision of the court, was delivered by
Ryeiisoií, J.
On the trial of this cause in the court below, Eager offered in evidence, a paper not under seal, but signed by Davis, purporting to be a bill of sale of the grain in question, with an acknowledgment at the foot, of the receipt from Eager, of the price. The reception of this paper, was resisted. And it was here objected, that it was the mere admission of.a person not a party to the action. But is it not evidence, that the person *84 who signed it, and who, it is conceded, once owned the grain in question, had yielded all his rights thereto, to Eager ? Is it not conclusive evidence against him ? If so, is it not also evidence against his privies ? And is not the person subsequently holding under him, such a privy? It was abundantly shown and admitted, that both parties claimed under Davis. There was also evidence of a possession, corresponding with the purport of the paper; and that Westbrook had notice of the sale to Eager, before his own purchase. I see no error in the introduction of this paper.
Again it was urged, that the deed of conveyance of the farm, offered in evidence by the defendant below, was improperly rejected. It was alleged to have been offered, not as evidence of title to the land, (as such it was clearly inadmissible) but only to prove title to the grain, a mere chattel, and as such passing by the deed. But this is a mistake. The grain is not mentioned in the deed. If it passed thereby, it passed, not as a simple chattel, but as an appendage to the freehold. If the freehold did not pass by the deed, clearly the grain did not. This question, whether the freehold passed by the deed, the justice, and the Common Pleas, on an appeal from his judgment, are by the statute, rendered equally incompetent to decide. They cannot inquire iuto it, or pass upon the evidence. The deed, therefore, was properly rejected by the courts below.
It was also urged, that the circuit record, transcript and postea, offered in evidence in the courts below, should have been received. By them, the defendant below offered to prove, that the matter in controversy had already been determined. But it is well settled as a general rule, that a verdict and postea are not evidence until judgment be entered thereon: or in other words, the postea without the judgment. Phil. Ev. 293. 1st Starkie 245. The cases to be found, of a contrary aspect, depend upon special circumstances, which do not exist in this case.
A further question was made on the argument, whether growing grain, is such a chattel as would pass by parol, against a subsequent deed and conveyance of the freehold ? A doubt, at least, might arise ’from what was before said, whether the parties were in .a situation, or before a tribunal, wherein that question can be investigated. But without resting on that doubt, it *85 is well known, that a distinction has long existed between perennial productions of the earth, and the annual fruits of annual labor. In almost all cases the latter are now regarded as a mere chattel. They pass to the administrator and not to the heir: they may be taken in execution under a fi. fa. against chattels merely ; and as such sold by parol. Toller’s Law of Exr. 149-150. Whipple v. Foot 2 Johns. 418. Newcomb and al. v. Ramer, Id. 421, in note. Perhaps as between vendor and purchaser of real estate, a different rule may exist, about which however, it is unnecessary to form or express any opinion. I have no difficulty in coming to the conclusion, that the purchaser by parol, of a growing crop of grain, acquires a good title, not only against the seller, but all other persons subsequently claiming under him. I think therefore, the title of the plaintiff below, was made out by legal and competent evidence. Whether that evidence was sufficient to produce conviction, is a question with which we cannot intermeddle.
On the whole, I perceive no error of the Court below, and their judgment must be affirmed.
Hoenblower, C. J. and Ford, J. concurred.

Judgment. affirmed.

Cited in, Bloom v. Welsh, 3 Dutcher 180-404.